# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 05-13068-WRS
                                                         Chapter 13
JASON T. BERRY,

      Debtor

## MEMORANDUM DECISION

This Chapter 13 case came before the Court on April 5, 2006, upon the Debtor's "Motion for Extension/Continuation of the Automatic Stay." (Doc. 18). The Debtor was present by counsel Rafael Gill III, and the Chapter 13 Trustee was present by counsel Sabrina McKinney. No other parties appeared. For the reasons set forth below, the motion is DENIED.

## I FACTS

The Debtor filed his petition initiating this Chapter 13 bankruptcy case on December 19, 2005. The Debtor had filed a previous case, Case No. 05-11050, on May 18, 2005. That case was dismissed for a material default in making the Plan payments on November 21, 2005. The Debtor's motion to extend or impose the automatic stay in this case was not filed until February 21, 2006, sixty-four days after the date of the petition. (Doc. 18).

## II. LAW

The automatic stay is governed by the provisions of 11 U.S.C. § 362. This Code section was substantially amended effective October 17, 2005, by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8, § 1501)(BAPCPA). As this Chapter 13 case was filed after the effective date of BAPCPA, its provisions apply here.

In general terms, once a debtor files a petition in bankruptcy, a stay of virtually all proceedings, or attempts to collect debts of a debtor, are stayed by operation of law. 11 U.S.C. § 362(a); see also, In re: Briskey, 258 B.R. 473 (Bankr. M.D. Ala. 2001). Prior to the effective date of BAPCPA, the automatic stay remained in effect during the pendency of the bankruptcy proceedings, unless a party obtained relief from the automatic stay. 11 U.S.C. § 362(d). Under BAPCPA, in those instances where a debtor had filed a previous bankruptcy case, which was in effect at any time during the year preceding the filing of the later petition in bankruptcy, the automatic stay terminates in the later case, thirty days after the date of the petition, unless a timely motion is filed to extend the automatic stay.

Motions to extend the automatic stay are governed by the provisions of 11 U.S.C. § 362(c)(3)(A)–(B), which provides as follows:

> (3) if a single or joint case is filed by or against [sic] debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
>    (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
>    (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

As the Debtor in this case had a prior case pending within the preceding year, the provisions of § 362(c)(3) apply.  In this case, the Debtor filed his petition on December 19, 2005.  Therefore, the automatic stay terminated, by operation of § 362(c)(3)(A), on January 18, 2006.

The language of § 362(c)(3)(B) permits the Court to extend the automatic stay provided that notice is given and a hearing completed within the thirty-day period.  In the case at bar, the motion to extend the automatic stay was filed sixty-four days after the date of the petition.  Due to the delay in filing the motion, it is not possible to give notice and complete a hearing within the thirty-day period.  The automatic stay terminated, by operation of law, on January 18, 2006, thirty days after the date of the petition.  In re: Wright, 2006 WL 689512 (Bankr. E.D. Ark. 2006); In re: Toro-Arcila, 334 B.R. 224, 226 (Bankr. S.D. Tex. 2005).

The Debtor argues that the Court has the inherent authority to extend the automatic stay, notwithstanding the expiration of the thirty-day period provided by § 362(c)(3)(A).  There is nothing in the language of § 362(c) which suggests that the Court may impose a stay once the thirty-day period has expired.  In those cases where a debtor has had two prior cases in the prior year, a Bankruptcy Court may impose a stay, where none has come into existence.  In § 362(c)(4)(B), however, such motions must also be filed within thirty days from the date of the petition.  As motions to extend the automatic stay under 362(c)(3)(B) and motions to impose an a stay pursuant to § 362(c)(4)(B), both contain thirty-day periods of limitation, this strongly suggests that motions filed after the thirty-day period has expired are not timely.  Moreover, both § 362(c)(3) and (c)(4) contain elaborate provisions setting out rebuttable presumptions which apply to these motions.  If the Court were to consider motions such as the Debtor's instant

Case 05-13068    Doc 23    Filed 04/14/06    Entered 04/14/06 14:16:49    Desc Main
Document      Page 3 of 5

motion, the elaborate scheme provided by Congress in BAPCPA would be undermined. In a case factually similar to the case at bar, a Bankruptcy Court in Arkansas determined that once the thirty-day period has expired, the automatic stay could not be resurrected by way of a tardy motion. In re: Wright, ___ B.R. ___, 2006 WL 689512 (Bankr. E.D. Ark. 2006).

While the failure to file a motion to extend, or impose, a stay within thirty days of the date of the petition is fatal, the Court will make one additional observation here. The Debtor's motion in this case was served only on the Chapter 13 Trustee and the Bankruptcy Administrator. (Doc. 18). The motion quite clearly states that the Debtor seeks an extension or imposition of the automatic stay with respect to all creditors. Where the Debtor seeks to extend the automatic stay with respect to all creditors, it follows that the Debtor should serve all of his creditors with the motion. See, 11 U.S.C. § 362(c)(3)(B)(after notice and hearing); see also, § 362(c)(4)(B) (imposition of the automatic stay upon motion made after "notice and hearing."); § 342 ("there shall be given such notice as is appropriate."). Where, as here, a debtor fails to serve his motion upon all of his creditors, they are not provided the notice called for by § 362(c)(3)(B), and as a result, one of the requirements of this provision are not met.

### III. CONCLUSION

Under the facts presented here, a motion to extend the automatic stay, pursuant to § 362(c)(3)(B), filed more than thirty days after the date of the petition is tardy and may not be

considered on its merits. The Debtor's failure to serve the creditors, or parties in interest, is likewise fatal. For these reasons, the Debtor's motion is DENIED.

Done this 14th day of April, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Rafael Gil III, Attorney for Debtor
   Curtis C. Reding, Trustee
   All Creditors